Good morning, ladies and gentlemen, and welcome to the Ninth Circuit. Good morning, Judge Gould. Judge Gould is joining us from Seattle. The cases will be heard in the order in which they appear on the day sheet, and I'd like to remind counsel for the appellant that if you wish to reserve some time for rebuttal, you are your own clock master. Keep an eye on the clock, and you can do so, but we won't remind you during your opening presentation. All right? So we'll take the first case, which is U.S. Bank v. Thunder Properties. Good morning. Ariel Stern, appearing on behalf of U.S. Bank. The district court correctly exercised jurisdiction in this case, but it erred in dismissing U.S. Bank's complaint on a five-year statute of limitations. Below U.S. Bank established jurisdiction, it showed that the parties were diverse. It appeared in the case as the plaintiff suing in its own name, and under this court's recent opinion in the Demarest case, which reaffirms that when we have a trustee that appears in its own name and is a traditional trust, it is the citizenship of the trustee, not the beneficiaries of the trust that governs the jurisdictional analysis. So what in the record tells us that this is a traditional trust? The record is sparse in that. We acknowledge that. However, there is sufficient allegation in the complaint to show that. Several paragraphs of the complaint, and I can point those out, starting on paragraph 32, paragraph 35, paragraphs 43 to 45, all claim the legal ownership of the property interest. So in those paragraphs, U.S. Bank claims that it is the beneficiary of the deed of trust, that it is the owner of the note. And none of those say that it's a traditional trust, do they? They do not, Your Honor. However, in our view, whether you look at the Americold case from the U.S. Supreme Court or even the Demarest case, the pleading standard does not change. The pleading standard continues to be a short and plain statement of jurisdiction, and we believe as a pleading matter the complaint sufficiently establishes facts to support diversity jurisdiction. So would there be any harm in remanding so the district court could make sure it's a traditional trust? I don't think there's harm in that, Your Honor. However, we don't think that's necessary for two reasons. One is we independently establish facts sufficient to plead federal question jurisdiction. There is a right claimed under the U.S. Constitution under the Fifth and Fourteenth Amendments, the due process challenge. The district court did not reach that because it dismissed the case. Now, we in our complaint specifically reference Section 28 U.S.C. 1332, and we acknowledge that the complaint does not separately and expressly invoke 1331. However, the facts necessary to establish federal question jurisdiction are in the complaint. And for that reason, again, under Rule 8A in the short statement of jurisdiction, we believe that there is federal question jurisdiction. So remand would not be necessary to establish jurisdiction because the court had both subject diversity as well as federal question. Separately, Your Honor, we would – Counsel, may I ask you a question prompted by questions that Judge Friedland asked you? Are there any cases that tell us what elements constitute a, quote, traditional trust other than the fact that the trustee has legal title for the benefit of beneficiaries who have equitable title? Yes, Your Honor. The Demarest case itself speaks of some of the elements you look to, and Demarest cites other cases, one from the Fifth Circuit and one from the D.C. Circuit, which in addition to whether the trustee sues in its own name, look at some of the other things. The most important one being whether the trustee holds, manages, and disposes of the property on behalf of the beneficiaries of the trust. Whether he has legal title. That's one of the elements, yes. And in this case, I think we've shown that there is legal title. The assignment of the – What else has to be shown besides the fact that he's the – that the trustee is the owner and has been since the 15th century by naming himself as trustee? We think that is sufficient. And separately, there is a related concept, which is that the trustee is the only entity with a juridical – that's a juridical person. A corporation is a person. A natural person is a person. A trust is not. I got you. Do you want to talk about statute of limitations and why there's error? Yes. Thank you, Your Honor. Your Honor, the claim below was a declaratory action. The district court applied a statute that it believed governs quite title actions. And there is actually agreement at this level with under properties that the statute the district court applied, NRS 11.080, does not apply. Why wouldn't it be borrowed, though? I mean, it may not apply by its literal terms, but it might be similar enough that borrowing would apply. The reason for that is that we have a specific case from the Nevada Supreme Court interpreting and applying that statute of limitations concept. That is the City of Fernley case. And in that case, the court, the Nevada Supreme Court, explained that where you have a declaratory action that seeks current, present, or prospective relief, there is no statute of limitation. And that is the standard that we asked this court to borrow. That was a constitutional challenge to a statute that was affecting the plaintiff in an ongoing way, continuously. This is really much more about a challenge to a specific incident that happened with this transfer of title or not. So it doesn't seem equivalent to me. The reason we believe it is equivalent is in the language in the City of Fernley case applying it, it did not limit itself to a constitutional challenge. The way it described the application of statute of limitation was if there is a disputed, jural question about present or future rights. Well, acquired title action always affects future rights, doesn't it? The whole purpose of acquired title action is to say A owns it and B doesn't. And from that point on, he has rights in the future. That is correct. However, we emphasize that this is not a traditional acquired title. The bank's interest here is a lien. It's not a dispute between two rival claimants to the same title. It is rather the question is whether the bank has the right to sell the property to somebody and recover the money it's owed. Correct. And the right, we claim, is currently existing. It goes into the future. The contract that gives rise to the security interest is an installment contract that doesn't mature until some point in the future. And for that reason, the right is an extant right. And what we will do when the dust clears, assuming it clears in our favor, would be to enforce that right via a nonjudicial foreclosure, which the Nevada Supreme Court has told us has no statute of limitations. And so we think under the rule that requires the court to look at the underlying relief that we're seeking, since what we're trying to do is exercise what we think is a current right, there is no statute of limitations under city of Fernley. We believe that to look at it as an ongoing constitutional violation is certainly the context in which city of Fernley came up. But the applying language speaks about disputed and future disputes without limiting it to constitutional issues. So under city of Fernley. But it also talks about, I read it as constitutional challenges to statutes. So let's just say for a second we disagree with you about city of Fernley, and there is some statute of limitations here. Can you go back to why we shouldn't borrow the quiet title statute of limitations? Because on its own terms, the quiet title speaks about an action for recovery of title, and that's 080. And 070, both in Chapter 11, 070 speaks about a case that arises or concerns, concerns is the wrong word, is founded upon title. And the interest of bank claims here is. Yes, sir. Judge Gould, if I could just interject a quick question. Assuming we satisfy ourselves on that there's jurisdiction and don't need to dismiss, why shouldn't we certify to the Nevada Supreme Court the question whether a statute of limitation applies to this kind of case in light of Fernley? And if so, what type, what the limitations are? We would not oppose it. I think that does make sense. That said, the court should be aware there are a couple of cases that present that very question to the Nevada Supreme Court. There's really no way to know when the court will decide those, but there is at least one case that squarely addresses all of these limitation issues. And so the Nevada Supreme Court will be deciding that issue at some point. What is that case? I don't remember the specific name on it. Should we hold this proceeding for that decision? I don't think that's a bad idea if the court determines that there is jurisdiction, because the Nevada Supreme Court will eventually say something about this. Could you write us a letter with a citation of that case? I would be happy to. I would like to reserve my remaining 25 seconds. Thank you. You can proceed. Go ahead. Good morning, Your Honors. My name is Roger Coteau. May it please the Court, I am here for Thunder Properties. I guess I'll deal with the jurisdictional issue directly. Part of the problem we have with the jurisdictional point is that there's been no evidence. I mean, there's allegations in the complaint, obviously, but there's no evidence. But isn't it a 12b6 motion? It is, Your Honor. So then how can you introduce evidence in a complaint? Absolutely correct, Your Honor. All right. Let's talk about something else then. Very well, sir. All right. Moving right along, then. If we go to the questions of the Court, counsel talks about the due process claims that they originally brought. The due process claims they originally presented to the Court were a Born Valley challenge, if you will. And there were allegations of whether or not there was an opt-in statute and so forth. As the Court's obviously aware, that's been revised and recanted at this point as a result of the rulings by Nevada Supreme Court, at least currently that I'm aware of. Keep your voice up, please. My apologies. Yes, sir. So in terms of the statute of limitations, I think counsel's and the determination of the City of Fernley's decision is completely inappropriate. The point with Fernley was this. You can't look retrospectively. You can only look present and prospectively on claims. Because in Fernley, as the Court's aware, they said there was a statute of limitations problem as to the claims that were retrospective. What counsel attempts to do and what they attempt to do in this case is very simple. They're saying that because we lost our right to foreclose, and the foreclosure deed was in fact entered and recorded on February 10th of 2011, they brought this case five and a half years later, that they're asking the Court for declaratory relief on what issue? That they can proceed with their foreclosure sale? No. The underlying issue is what they're asking. They're asking is our deed extinguished? Well, by definition, the Court has to go through a determination and figure out whether or not the actions at that time are in fact valid and extinguish the deed. Corollary to this, and it's not on appeal, but the HOA was dismissed in this case. The Homeless Association was dismissed in this case on the basis of a three-year statute of limitations. The only way they arrive at this case is it's a foreclosure sale on NRS 116. So it arises by statute and it's subject to NRS 190 subsection A that says it's three years based on a statute. So if they had a problem with the foreclosure sale, they had three years in which to challenge the foreclosure sale. They are not seized of the property. They're not possessory of the property. They have no claims to the property other than they have a lien interest that has been extinguished. They didn't proceed in an appropriate time on their extinguishment issue. They had actual notice. They were involved in the underlying foreclosure process, knew about it. That's in the record. They did nothing to prevent the sale. There is a recorded deed, which is record notice to the world, that they no longer own the home or don't have the collateral interest in that home and it's changed out of the chain of title. So there is no issue in terms of, at least certainly the case law in Nevada has said that, the district court and the Federal system has said that, Judge Jones has said that, that it's record notice of the foreclosure sale. When you begin this process, there is no bright line. So you're arguing that a three-year statute of limitations applies, but that's only when the action is upon a liability created by statute. And I don't understand how that's this type of action. What is the statute? Well, and here's what's interesting, Your Honor. The part of this is this. There is a catch-all under Nevada law, NRS 11. But that would be four-year. Well, it is. It's catch-all is 11.220. We agree a declaratory relief action rests under 11.220. We agree with that. We agree with counsel on that. We agree that Judge Jones may have possibly made an error by applying NRS 11.070 and NRS 11.080, only because you have to be seized of the property either to recover it or to go after title, right? In the district court, though, you thought that was the statute of limitations, right, the five-year one? Well, that was the – that was – it is – the five-year is correct for a quiet title action. But they can't possess a quiet title action because they never were possessed of the property. So what they get is a declaratory relief action to say whether the deed is, in fact, extinguished. And I thought under Nevada law, if there was a similar action, you borrowed its statute of limitations. So I would have thought, even though this isn't exactly about possession of property, it's similar to quiet title, and maybe you could borrow it. And it seems like that would be – you were arguing for five-year below, but now you're not, so I'm a little bit confused about that. Law has changed. Courts in the lower district have rendered determinations that are resounding in our arguments currently. It's been the development, if you will, of what's gone on. So you're saying new cases have come out that say it's four years or three? Four currently is the number. Coming out of Judge Boulware and so forth, I was in his courtroom just the other day. I mean, he is supporting and promoting a four-year statute of limitations. And, again, it's on the catch-all. Do you think this needs to be certified to the Nevada Supreme Court to work out or held for the case they already have? Certainly I wouldn't tell Your Honors no, but I don't think it needs to be. And the reason for that is the law is clear. And the problem with the clarity is – It doesn't seem like the law is clear. You argued five years, then Judge Boulware thinks four years, and I think there are cases all over the place about how many years it is. Respectfully, I understand. And I know this Court has seen a lot of these HOA cases, and there's been a flux of all of these going through the system. And, candidly, that's given some rise to opinions that are morphing, if you will, over time. But in this particular case, the bright line is you had a foreclosure that occurred in 2011. This case was brought five and a half years later. With all due respect, I shouldn't have to go back and figure out whether it's three, four, or five. What I know is it's more than five. Well, I thought, though, if it was five, there might be some factual disputes that mattered about when the tenants in the property left, when you actually had possession. Well, let's discuss that for a minute. Their argument that they get to tack on when the borrower leaves, they're still not seized at the property. They still don't get a five-year statute of limitations no matter what. They don't get ownership until they do a foreclosure action. That's the law. So they are not seized at this property until they foreclose and put it in their name. Secondarily, when we require and my client acquires the foreclosure deed, they are no longer in possession. There is no tail on their possession. So if they were going to be given five years, and if the former owners could bring an action, which they didn't, and if the bank had the authority to step in their shoes as the owner and bring a former action, which they can't, then maybe it would be five years. But they still went five and a half in this case. So I don't know how they rehabilitated that. So if it's five years, though, I know you don't want it to be five years anymore. But let's say it's five years. When do you think the five years starts running from? Foreclosure deed recording. It can't be any later than that. How do you get a later statute of limitations? It would be nebulous. When would you want to pin it, Your Honor? Because when would we give a bright line? And Nevada has said this, and Nevada's Supreme Court has said this, that it's from the recording of the deed. The district court and the federal system has said it's from the recording of the deed. It's record notice to the world. And that's when your action should accrue. That's when the bank had the right to do whatever they wanted to do. They had their years. You don't think it matters whether the borrowers are still in the property at that point? I do not because they're not the owners anymore, Your Honor. If they had a statute and if they brought a case, they have five years from the foreclosure deed recording. They do not own the property. They have no redemption rights pursuant to NRS 116. And they have no way to return to the property. So I don't believe that works. I know from a legal point of view there's no redress. They have a claim. They would actually possess a claim for quiet title, potentially, because they were previously seized, they could bring a claim, but they are barred from doing it more than five years out. Even if the bank could step in their shoes, which they can't, even if they could, they still only have a five-year statute. So I don't know if remanding this for Fernley makes sense, only because the record is so clear, and I don't see that there's any path, if you will. I mean, the statute of limitations they cite, the statute of repose, for example, they cite that as 106-240. Now, that's only if they have a valid deed of trust. And how can you ask a court to tell me I want to do a foreclosure action? Counsel says there's no limitation on a foreclosure action, on a nonjudicial foreclosure. The reason is simple, Your Honor. It doesn't run. If I own a valid deed of trust that's a lender against the property, it doesn't run. It only runs under statute of repose 10 years after maturity date or acceleration, whatever that is. All right? And that's NRS 106-240. I thought the problem with their statute of repose argument was they could have a statute of limitations and a statute of repose under Nevada law, so it didn't get them out of the problem. I don't know. I don't agree. And I'll tell you why. I think that in cases where there's acceleration, and I've got these cases, by the way, in cases where they actually accelerate the note, they send in an NOD, and notice a default election to sell, I'm telling you to pay it all off, they go 10 years from that date and do nothing, I think the statute of repose steps in. If the note stays on the property or the deed of trust, that's the same thing if no other statute of limitations applied and ran in the meantime. No, and again, why is this? If the deed of trust has been extinguished, how do you get a statute of repose? You don't get a statute of repose. You have to have a valid deed of trust secured by the property. It's the same logic with if you were trying to foreclose on a ñ he said there's nonjudicial foreclosure sale, right? Under the nonjudicial foreclosure sale, if you're going to do that, you have to have a valid deed of trust. That's why it doesn't have a statute. It's not secret. It's a very simple process. I can always foreclose if I have a valid deed of trust, all right? The only thing that stops me someday is if I go beyond the maturity of the loan plus 10 years, and that's the statute of repose. But if it's been extinguished, they would be actually violating my client's interest in the property and be slandering a title if they tried to foreclose on an extinguished deed. That's why they haven't done it, and that's why they're looking for some judicial determination that maybe they can go forward. Because otherwise we would counter sue them for a slander of title and related matters. I'm out of time unless the Court ñ Thank you very much. Thank you, Your Honors. All right. We'll give you a full minute. Thank you. I was about to ask for that. I appreciate the Court's indulgence on that. Imagine if the bank went forward with a nonjudicial foreclosure now. As Thunder Properties argues, they would then have a slander of title claim, and the courts would have to resolve that issue. We think that's a practical matter that illustrates the problem with not applying city-affirmingly. These rights are not determined retrospectively. Part of what we're trying to do with the statute of limitations is to put to rest the issue as to whose rights belong to whom. We think that it's a practical matter. Pardon me. The Home Owners Association held a foreclosure sale that purported to extinguish your deed of trust, correct? We disagree with that. That is one possible outcome, but that assumes that there was a super-priority component to the lien, and that's not been established. Yes, we would challenge that. But they recorded the foreclosure sale, right? They gave you notice of a foreclosure sale. Yes. Why doesn't that start the statute of limitations on four years? Because there is no claim in any of those notices that there's a super-priority lien. There's no request for that. But there's a big, fat cloud on your title. Potentially there is. I think what Thunder Properties says is that there is a presumptive extinguishment, and we challenge that. That was never actually claimed in any of the recorded documents. All right. Thank you. Thank you very much. The court will thank counsel for their argument, and the case of U.S. Bank v. Thunder Properties is submitted for decision.
judges: Gould, Bea, Friedland